UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL FAITH,

                Plaintiff,

      -against-

DARA KHOSROWSHAHI, *et al.*,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-6913(JMA)(JMW)

**AZRACK, United States District Judge:**

      Before the Court is the *in forma pauperis* application filed by *pro se* plaintiff, Michael Faith ("Plaintiff"). (*See* ECF No. 2.) Upon review and for the reasons that follow, the application to proceed *in forma pauperis* is denied. Plaintiff is directed to remit the $402.00 filing fee within fourteen (14) days from the date of this Order to proceed with this case.

      To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosp. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *Pinede v. New York City Dept. of Envtl. Prot.*, No. 12-CV-06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may dismiss a case brought by a litigant requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application reflects that he has been unemployed since July 2021 and, in the past twelve months, Plaintiff has received income in the total sum of $30,964. *See* ECF No. 2 at ¶¶ 2-3. Plaintiff reports having $47,000 in cash or in an account as well as a ROTH IRA valued at $18,000. *Id.* at ¶¶ 4-5. The only additional asset plaintiff reports owning is a 2011 Toyota Rav4. *Id.* ¶ 5. Plaintiff's reported monthly expenses total approximately $1,285. (*Id.* at ¶ 6.) Plaintiff has not listed any dependents and his only reported debt is for a student loan in the total sum of $53,000 and for which monthly payments are reported to begin this month in an unspecified amount. *See id.* at 6-8. Accordingly, given that the filing fee for the complaint is $402.00, Plaintiff's application demonstrates that he can afford to pay the Court's filing fee.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* is denied and Plaintiff is directed to pay the $402.00 filing fee within fourteen (14) days of the date of this Order. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further warned that, once paid, there are no refunds no matter the outcome of the case. Plaintiff is encouraged to avail himself of the free resources provided by the *Pro Se* Legal Assistance Program run by Hofstra Law School and he may reach them by telephone at 631-297-2575 or by e-mail: PSLAP@hofstra.edu.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: January 10, 2022
Central Islip, New York

    \_\_\_/s/JMA_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE