FILED
CLERK
6/9/2025 1:25 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL FAITH,

        *Plaintiff,*

    -against-

DARA KHOSROWSHAHI, UBER TECHNOLOGIES,
INC., UBER USA, LLC, RASIER-NY LLC, *also known as*
RASIER, LLC, *also known as* RAISER, LLC,

        *Defendants.*
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
21-CV-06913 (JMA) (JMW)

**WICKS**, Magistrate Judge:

*Pro se* Plaintiff Michael Faith has requested that the undersigned and the Hon. Judge Joan M. Azrack recuse ourselves from this matter. (ECF Nos. 60-61.) On May 23, 2025, Plaintiff filed his objections to the undersigned's Report and Recommendation (ECF No. 56), which recommended dismissal for failure to prosecute.[1] (ECF No. 60.) In that objection, Plaintiff urges both to "surrender their positions handling this case on the action and grounds of RECUSAL BY a JUDGE. …" (ECF No. 60 at 7.) Based on this language, and upon review by the Clerk's Office, that request was converted to a motion for recusal.[2] (*See* ECF No. 61.) For the

---

[1] On February 20, 2025, Judge Azrack referred Defendants' unopposed Motion to Dismiss for failure to prosecute. (Electronic Order 2/20/2025; *see also* ECF No. 48.) This Court ruled that the case was subject to mandatory arbitration (ECF No. 38) and so advised Plaintiff (ECF No. 46). Plaintiff's failure to initiate arbitration proceedings coupled with lack of compliance with Court orders and directives, led to the undersigned's basis to recommend dismissal in the issued Report and Recommendation. (ECF No. 56.)

[2] Plaintiff filed a Motion to Withdraw the Motion for Recusal on the grounds that the Clerk's Office did this without his permission. (ECF No. 62.) The undersigned issued an Order stating that the Clerk's Office filing was the proper procedure because Plaintiff made a request to the Court and thus, the Motion for Recusal would be ruled on. (*See* Electronic Order dated 5/30/2025.)

1

reasons that follow, Plaintiff's application for recusal of both judicial officers (ECF No. 61) is **DENIED**.

## DISCUSSION

In his objections to the undersigned's Report and Recommendation (ECF No. 61 at 6), Plaintiff requests that the assigned Judges surrender their positions for "(1) ignoring relevant evidence, (2) bias and partiality behavior and (3) the usage of Chicanery, Vague And Biased Wording and Dialogue to purposefully misinterpret the plaintiff party; creating and leading to an unethical outcome." (*Id.* at 7.) Having reviewed the record in the light most favorable to Plaintiff, the Court finds no valid basis for recusal of either Judge.[3]

Although no "formal" motion to recuse was filed, in light of the allegations contained on the docket in Plaintiff's filings (ECF Nos. 60-61), courts often interpret similar letters as motions for recusal. *See, e.g., Boatswain v. United States*, No. 10-CV-711, 2010 WL 3521917, at *1 (E.D.N.Y. Sept. 1, 2010) ("The Court will construe the Petitioner's letter as a recusal motion."); *Shenk v. Soc. Sec. Admin.*, No. 12-CV-4370 SLT, 2012 WL 5196783, at *6 (E.D.N.Y. Oct. 19, 2012) ("Although Plaintiff has never specifically requested that this Court recuse itself, this Court will, in an abundance of caution, construe Plaintiff's letter to Chief Judge Amon as a motion for recusal"); *Flemming v. City of New York*, No. 02-CV-6613 (SLT) (LB), 2006 WL 898081, at *6 (E.D.N.Y. Mar. 31, 2006) ("Based on Plaintiff's *pro se* status, his complaint of Judicial Misconduct, and the letters to this Court from Plaintiff accusing the Court of failing to afford him leniency as a *pro se* party . . . the Court will treat these submissions a motion for recusal . . . .").

---

[3] In his submissions, Plaintiff does not specify a statutory basis for his request that the undersigned be recused from this action; nor does Plaintiff otherwise contend with the applicable legal standards for recusal. In light of Plaintiff's *pro se* status, however, and as discussed more fully below, the Court has considered whether recusal is warranted pursuant to 28 U.S.C. § 455.

2

> 28 U.S.C. § 455(a) requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned. The standard for disqualification under 28 U.S.C. § 455(a) is an objective one; the question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality. Recusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible.

*Brookins v. Blodnick*, No. 24-359, 2025 WL 1554836, at *2 (2d Cir. June 2, 2025) (internal citations and quotations omitted) (cleaned up).

"Recusal motions are committed to the sound discretion of the district court." *Shenk*, 2012 WL 5196783, at *7. Asking judges to recuse is considered a "serious request[] and must be treated as such. The integrity of the judicial system is at stake." *Conte v. Tapps Supermarket, Inc.*, No. 22-CV-03109 (DG) (JMW), 2022 WL 18228316, at *2 (E.D.N.Y. Dec. 19, 2022) (citing *Lamborn v. Dittmer*, 726 F. Supp. 510, 515 (S.D.N.Y. 1989)). Certainly, it is equally important for a judge to choose not to recuse themselves when no grounds exist as it is to recuse when grounds exist. *Id.* (citing *Shenk*, 2012 WL 5196783, at *7.) "As the Second Circuit has iterated, 'a judge is as much obliged not to recuse himself when it is not called for as he obliged to when it is.'" *Lynch v. Dep't of Educ. of City of New York*, No. 24-CV-7795 (JAM), 2025 WL 736564, at *4 (E.D.N.Y. Mar. 7, 2025) (citing *In re Aguinda,* 241 F.3d 194, 201 (2d Cir. 2001)).

*Au fond*, dissatisfaction with a court's ruling is simply not enough to warrant recusal. "[S]eeking a judge's recusal simply because a litigant is unhappy with a judge's ruling or case management—in other words, judge-shopping—is insufficient grounds to warrant recusal." *Bergon v. ASCAP!*, No. 24-CV-4660 (NJC) (ARL), 2024 WL 4581966, at *7 (E.D.N.Y. Oct. 25, 2024) (quoting *Conte*, 2022 WL 18228316, at *2). Here, the undersigned is obligated to prevent

3

"such judge-shopping behavior." *See Conte*, 2022 WL 18228316, at \*3. (citing *McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1506, 1508–09 (D. Conn. 1991)); *see also James v. State Univ. of New York*, No. 22-CV-4856 (JHR) (KHP), 2023 WL 3006104, at \*3 (S.D.N.Y. Mar. 3, 2023) (citing *Watkins v. Smith*, 561 F. App'x 46, 47 (2d Cir. 2014) ("This is plainly an attempt at impermissible judge shopping and is not a sufficient ground for recusal.)).

Considering the circumstances and submissions on the docket to date, no facts or grounds exist to warrant recusal by either the undersigned or Judge Azrack. Simply put, Plaintiff provides no arguments or support in the record to indicate any "personal bias or prejudice" towards Plaintiff that would suggest impartiality in this case should be questioned. What is clear is Plaintiff's unhappiness with the Report and Recommendation or other rulings to date. *See, e.g.*, *Gottlieb v. U.S. Sec. & Exch. Comm'n*, 723 Fed. App'x 17, 19-20 (2d Cir. 2018) (no basis for recusal where plaintiff "does not suggest that [the Judge] made any statements or took any actions exhibiting bias"); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."); *Moskovits v. Moskovits*, 150 Fed. App'x 101, 102 (2d Cir. 2005) ("Plaintiffs have failed to show a basis for recusal, as their allegations fail to demonstrate any deep-seated favoritism or antagonism that would make fair judgment impossible... as opposed to disagreement with decisions made by [the] Judge in his judicial role."). That along is insufficient to justify recusal. Indeed, a litigant dissatisfied with the conclusions of a Report and Recommendation issued by a Magistrate Judge has recourse: file objections which trigger a de novo review. And Plaintiff here indeed availed himself of that right.

4

## **CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiff's motion requesting for the undersigned and Judge Azrack to be recused (ECF No. 61), is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

Dated: Central Islip, New York
       June 9, 2025

S O   O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge