```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X            For Online Publication Only
MICHAEL FAITH,

                    Plaintiffs,

        -against-                                    ORDER
                                                     21-cv-06913 (JMA) (JMW)
DARA KHOSROWSHAHI, UBER
TECHNOLOGIES, INC., UBER USA, LLC,
RASIER-NY LLC, also known as RASIER, LLC,
also known as RAISER, LLC,


                    Defendants.
────────────────────────────────────────X
```

**AZRACK, United States District Judge:**

Plaintiff Michael Faith, proceeding pro se, commenced this action on December 9, 2021, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and New York State Human Rights Law ("NYSHRL"), against Defendants Dara Khosrowshahi, Uber, Uber Technologies, Inc., Uber USA, LLC, and Raiser-NY, LLC (collectively, the "Defendants"). (ECF Nos. 1, 12.) Plaintiff alleged that from August 18, 2019, through September 11, 2020, he worked for Defendants until his discriminatory termination occurred on September 11, 2020. (See ECF No. 12, ¶ 15.) Plaintiff's claims pursuant to Title VII and NYSHRL arise from the termination, and as he alleges, this discrimination was due to his color, race and gender. (Id. ¶¶ 7-31.) Plaintiff also brought an additional allegation of retaliation against Defendants for creating, as alleged, discriminatory motivated systems within their company to terminate him. (Id. ¶¶ 35-44.) Plaintiff seeks $900,000 in damages for the Defendants' discriminatory actions. (Id. at 10.) Since the commencement of the action almost over four years ago, Plaintiff has failed to initiate arbitration. (See ECF Nos. 38, 46.) Judge Wicks had previously determined that the parties' arbitration agreement is valid and ordered Plaintiff to pursue his claims, if at all, in

1

arbitration. (See Electronic Order dated 3/21/2025.) It was made abundantly clear that Plaintiff's noncompliance would have repercussions through forewarning that continued failure to abide by Court orders or failure to prosecute the case could result in dismissal. (See ECF Nos. 9, 46, and Electronic Orders dated 4/12/2022, 3/21/2025.) Despite Plaintiff having been served with the Court Orders forewarning him of the consequences, including potential dismissal, the Court's directives remain ignored. In short, this case is subject to mandatory arbitration as the Court found previously, (ECF No. 38), and so advised Plaintiff, (see ECF No. 46.) For the reasons stated below, Judge Wicks' R&R recommending that the motion to dismiss be granted is adopted in its entirety.

## I.  DISCUSSION

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom., Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). The Court finds no clear error in the portions of Magistrate Judge Wicks' R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which Plaintiff has objected. After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Wicks' recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court. Accordingly, Defendants' motion to dismiss is GRANTED.

## II. CONCLUSION

Defendants' motion to dismiss is GRANTED, and this action is dismissed for Plaintiff's failure to prosecute. The Clerk of Court is respectfully requested to terminate ECF Nos. 56 and 65, enter judgment, and close this case. Defendants are directed to promptly serve a copy of this Order on Plaintiff, including to the email address listed on the docket, and file proof of service.

**SO ORDERED.**

Dated: August 11, 2025
Central Islip, New York

                                                /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE